GEORGE YOUELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20756. Promulgated December 31, 1929.

*Raymond G. Wright, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, and *George Adams, Esq.*, for the respondent.

600

OPINION.

GREEN: The facts, briefly, are these. Youell and Garretson each owned 50 per cent of the stock of a corporation. They disagreed. Garretson would sell only to Youell and Youell did not have the wherewithal to pay the purchase price. The purchase price was $272,168.32. Certain employees agreed to buy the stock from Youell if he could buy from Garretson. The employees were to pay an amount equal to the amount paid Garretson. The corporation had a substantial surplus and good credit standing. Youell conceived the idea of having the corporation finance the purchase, in the following manner. The corporation was to declare a dividend, so called, in the amount of $137,168.32, all of which was, by agreement between Garretson and Youell, paid to Garretson. Two notes secured by stock of the corporation were to be given for the balance. In only this part of the plan did Garretson have any interest. The remainder of the plan contemplated the sale of the stock, so purchased, to the employees, for cash, which cash was to be paid in to the corporation. The plan was carried out with but one material variation. Youell purchased for cash, for himself, 50 shares of the Garretson stock.

The result of the transactions was that Garretson sold his 500 shares of stock for $272,168.32. This stock was purchased by Youell and the employees of the corporation. The corporation's assets were neither increased nor diminished. Youell received no cash or property for his own use. His situation afterwards was precisely the same as before, except for the purchase of 50 shares for cash.

The respondent contends that the petitioner, Youell, was the recipient of a taxable dividend and that he sold the stock at a profit. He computes the petitioner's income from the entire transaction to be $142,301.75, and this regardless of the fact that after the transaction, Youell had only his original stock and 50 additional shares for which he paid full value.

It seems clear to us that the petitioner derived no gain from either the dividend or the sale of the stock, or in any other way from the various transactions. Under such circumstances, we can not hold that he had income.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*